Todd M. Friedman, Esq. (216752)
tfriedman@attorneysforconsumers.com
Suren N. Weerasuriya, Esq. (278521)
sweerasuriya@attorneysforconsumers.com
Adrian R. Bacon, Esq. (280332)
abacon@attorneysforconsumers.com
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Drive, #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **Bobby Owen, individually and on behalf of all others similarly situated,** | Case No. |
| Plaintiff, | Class Action Complaint For Violations Of: |
| vs. | 1. The Fair Debt Collection Practices Act, 15 U.S.C. §§1692, et seq.; and |
| **Dynamic Recovery Services, LLC, Pinnacle Credit Services, LLC, and Does 1-10, inclusive,** | 2. The Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code* §§1788, et seq. |
| Defendants. | **Jury Trial Demanded** |

1
**CLASS ACTION COMPLAINT**

## Introduction

1. This case arises as a result of false, deceptive and unfair debt-collection practices promulgated nationwide by Defendant Dynamic Recovery Services, LLC ("Dynamic") and Defendant Pinnacle Credit Services, LLC ("Pinnacle") (collectively "Defendants") in an effort to deceive consumers and debtors into renewing expired statutes of limitations on Breach of Contract claims that Defendants failed to bring in a timely manner against consumers and debtors.

2. In particular, Plaintiff, Bobby Owen ("Owen"), alleges that within the year preceding the filing of this Complaint, Defendants attempted to collect debts from him and other consumers and debtors by systematically sending them mail based collection correspondence that failed to advise the consumers and debtors that the statutes of limitations for filing legal claims to collect on those debts ("time-barred debts") had expired, and thus, that legal claims cannot be brought against them past of the statute of limitations and that making even the smallest of payments renews the expired statutes of limitations.

3. The FTC has found that nondisclosure of the fact that a debt is time-barred might deceive a consumer in at least the following ways: 1) since most consumers do not know or understand their legal rights regarding the collection of time-barred debts, efforts to collect on such debts may create a misleading impression that the consumer has no defense to a lawsuit; and 2)

2
**CLASS ACTION COMPLAINT**

consumers often do not know that in many states, making even the smallest of payments on a time-barred debt actually renews statute of limitations on that debt. Given the potential for confusion, and to avoid creating a misleading impression, the FTC recommended that if a collector knows or should know that it is collecting on a time-barred debt, it must inform the consumer that (1) the collector cannot sue to collect the debt, and (2) providing partial payment would revive the collector's ability to sue to collect the remaining balance. *Fed. Trade Comm'n,* The Structure and Practice of the Debt Buying Industry, 47(2013) (FTC Report 2013).

4. Reflective of the importance of advising consumers and debtors when their debt is past the statute of limitations is the consent decree between the FTC and Asset Acceptance, LLC requiring it to disclose to consumers *whether it knows or believes that a debt was incurred outside the limitations period*, the following: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." *United States v. Asset Acceptance, LLC,* No. 8:12–cv–182–T–27EAJ (M.D.Fla.2012).

5. Owen also alleges Defendants systematically sent mail based debt collection correspondence to consumers and debtors on time-barred debts using the term "settlement," to mislead debtors and consumers into believing that legal action against them was pending.

**CLASS ACTION COMPLAINT**

6. Such conduct is inherently deceptive and misleads the least-sophisticated consumer, as it is it is plausible that an unsophisticated consumer would believe letter that offers to "settle" a debt implies that the debt is legally enforceable. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (2014). After all, most consumers do not understand their rights with regards to time-barred debts. *Fed. Trade Comm'n,* Repairing a Broken System: Protecting Consumers in Debt Collection Litigation and Arbitration 26-27 (2010).

7. Defendants' acts and omissions were intentional, and resulted from Defendants' desire to mislead debtors and consumers into making payments, which would renew expired statutes of limitations, thereby allowing Defendants to subsequently file legal claims against those same consumers and debtors who had available to them, the affirmative defense of "statute of limitations," prior to making such falsely and unfairly induced payments.

8. Thus, Owen brings class action claims against Defendants, under the Federal Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), both of which were enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. 1692(e); *Cal. Civ. Code* §1788.1(b).

## Jurisdiction and Venue

9. The Court has jurisdiction over Owen's FDCPA cause of action pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over Owen's RFDCPA claim pursuant to 28 U.S.C. §1367.

10. Venue is proper in the Easterm District of California pursuant to 18 U.S.C. § 1391(b) because Defendants do business within the Eastern District of California, and because Owen is a resident of Kern County, California, which is within the Eastern District of California.

## The Parties

11. Owen is a natural person residing in Kern County, State of California who is obligated or allegedly obligated to pay any debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering him a "consumer," under the FDCPA, 15 U.S.C. §1692a(3), and a "debtor" under the RFDCPA, *Cal. Civ. Code* §§1788.2(h).

12. Defendants are both a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, Defendants are both a "debt collector," under the FDCPA, 15 U.S.C.

**CLASS ACTION COMPLAINT**

§1692(a)6. Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection, thereby qualifying both of them as a "debt collector," under the RFDCPA, *Cal. Civ. Code* §1788.2(c).

13. The debts Defendants attempted to collect from Plaintiff and the putative class members qualify as "debt(s)," under the FDCPA, 5 U.S.C. §1692a(5), and as "consumer debt(s)," under the RFDCPA, *Cal. Civ. Code* §1788.2(f).

### Factual Allegations

14. Within one (1) year preceding the filing of this class action lawsuit, Defendants mailed Owen collection letters.

15. No where do the collection letters provide Owen any information regarding the statute of limitations, despite the fact that Owen's last payment on this balance was made more than four (4) years prior to the date of the letters.

16. These letters also fail to advise Owen that: 1) Defendants cannot sue Owen to collect the debt; and 2) providing partial payment would revive the Defendants' ability to sue Owen to collect the remaining balance.

17. Finally, these letters also repeatedly uses the term "settlement," despite omitting the fact that the alleged debt is time-barred and that there is no pending legal action which warrants the use of the term "settlement."

18. Ultimately, these letters mislead Plaintiff into believing that Defendants were not past the statute of limitations for suing him on the debt; they also mislead

Plaintiff into believing that any statute of limitations on the debt would not be impacted if Plaintiff were to make a payment. Finally, these letters mislead Plaintiff through the use of the term "settlement," by leading him to believe that there was a pending legal matter associated with the debt.

## Class Allegations

19. Owen brings this class action on behalf of himself and all others similarly situated ("the Class").

20. Owen represents, and is a member of the following classes:

   a. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendants that failed to disclose that their debts, which are time-barred, are past the statutes of limitations;

   b. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendants that failed to disclose that Defendants cannot sue to recover the time-barred debts;

   c. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendants that failed to disclose that making

payments on their time-barred debts would renew the statutes of limitations on said debts;

d. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendants that used the term "settlement," in connection with attempting to collect on their time-barred debts.

21. As a result of Defendants' conduct, Owen and members of the putative class have been deprived of accurate and valid information regarding the legal status of time-barred debts that Defendants sought to collect from them. Defendants mislead Owen and the Class into believing that making payments on time-barred debts is legally inconsequential. They have also been mislead, through the use of the term "settlement," into believing that there were pending legal actions against them, despite the fact that these debts were time-barred from legal action.

22. Defendants and its employees or agents are excluded from the Class. Owen does not know the number of members in the Class, but believes the Class members number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

23. This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Class and is not intended to request any recovery for personal injury and claims related thereto. Owen reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

24. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

25. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

 a. Whether, within the one (1) year preceding the filing of this Complaint, Defendants sent collection letters to debtors and consumers on time-barred debts that:

  i. Failed to disclose the particular statute of limitations for the debt, and that the debt was time-barred;

      ii. Failed to disclose that Defendants cannot bring legal action against the debtor or consumer because the debt is time-barred;

      iii. Failed to disclose that the consumer or debtor making payment to Defendants renews the statute of limitations on the time-barred debt;

      iv. Failed to disclose that despite the use of the term "settlement," no legal action was pending against the particular consumer or debtor.

  b. Whether Owen and the Class members were damaged thereby, and the extent of damages for such violation; and

  c. Whether Defendants should be enjoined from engaging in such conduct in the future.

**26.** As a person that received the grossly inadequate and misleading collection letter from Defendants, Owen is asserting claims that are typical of the Class. Owen will fairly and adequately represent and protect the interests of the Class in that Owen has no interests antagonistic to any member of the Class.

**27.** Owen and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In

addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct, resulting in numerous debtors and consumers unknowingly making themselves susceptible to legal action on previously time-barred debts.

28. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

29. Owen has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA and RFDCPA.

30. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action under the FDCPA and/or RFDCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

31. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

11
**CLASS ACTION COMPLAINT**

**First Cause of Action: Violation of the Fair Debt Collection Practices Act**

32. Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

33. A debt collector may not engage in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff. *15 U.S.C.* §1692d. By engaging in the above detailed conduct, Defendants violated this provision of the FDCPA.

34. A debt collector may not threaten to take any action that cannot legally be taken or that is not intended to be taken, in connection with the collection of any debt. *15 U.S.C.* §1692e(5). By engaging in the above detailed conduct, Defendants violated this provision of the FDCPA.

35. A debt collector may not falsely represent or imply that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such actionis not lawful or Defendant did not intend to take such action. *15 U.S.C.* §1692e(4). By engaging in the above detailed conduct, Defendants violated this provision of the FDCPA.

36. As a direct proximate result of Defendants' conduct, Owen and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3)

///

## Prayer for Damages

Wherefore, Owen respectfully requests the Court grant Owen and the Class members the following relief against Defendants:

a. That this action be certified as a class action on behalf of The Class and Owen be appointed as the representative of The Class;

b. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to 15 U.S.C. §1692k(a)(1)

c. For actual damages according to proof;

d. For reasonable attorneys' fees and costs of suit;

e. For prejudgment interest at the legal rate; and

f. For such further relief as this Court deems necessary, just, and proper.

## Second Cause of Action: Violation of the Rosenthal Fair Debt Collection Practices Act

**37.** Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

**38.** Pursuant to §1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section

1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001." *Cal. Civ. Code* §1788.17

39. Thus by engaging in conduct prohibited by Sections d, e(4), and e(5)o f the FDCPA, Defendants violated the RFDCPA.

40. As a direct proximate result of Defendants' conduct, Owen and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.30.

## **Prayer for Damages**

Wherefore, Owen respectfully requests the Court grant Owen and the Class members the following relief against Defendants:

    a. That this action be certified as a class action on behalf of The Class and Owen be appointed as the representative of The Class;

    b. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to *Cal. Civ. Code* §1788.30.

    c. .For actual damages according to proof;

    d. For reasonable attorneys' fees and costs of suit;

    e. For prejudgment interest at the legal rate; and

    **f.** For such further relief as this Court deems necessary, just, and proper.

## Trial by Jury

Pursuant to the seventh amendment to the Constitution of the United States of America, Owen is entitled to, hereby does demand a jury trial.

Dated: July 17, 2015

By:/s/Todd M. Friedman
Todd M. Friedman, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorneys for Plaintiff